IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHEAL N.B. ATTAWAY, #Y55493,   )<br>    )<br>        Plaintiff,   )<br>    )<br>  vs.    )<br>    )<br>SHAWNEE CORRECTIONAL CENTER,   )<br>    )<br>        Defendant.   ) | Case No. 3:23-cv-02168-RJD |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Micheal N.B. Attaway, an inmate of the Illinois Department of Corrections, filed the instant lawsuit *pro se* pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Shawnee Correctional Center. Plaintiff's personal property was confiscated and he was without an asthma inhaler for a significant period.

Plaintiff filed this action on June 23, 2023 (Doc. 1). Before the Court completed the merits review of his original Complaint, Plaintiff filed his First Amended Complaint (Doc. 9). The First Amended Complaint superseded and replaced the original complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Plaintiff then filed a one-page "Amended Updated Statement of Claim" (Doc. 16). Ordinarily, the Court does not permit litigants to amend a pleading in such a piecemeal fashion. However, in consideration of Plaintiff's *pro se* status, and because the Amended Updated Statement of Claim elaborates on the facts relevant to Plaintiff's claims and includes information from the original Complaint, the Court will review it together with the First Amended Complaint. *See Otis v. Demarasse*, 886 F.3d 639, 644-45 (7th Cir. 2018) (amended complaint not treated as "superseding complaint" because *pro se* litigants are entitled to leniency on procedural matters).

This case is now before the Court for preliminary review of the First Amended Complaint under 28 U.S.C. § 1915A,[1] which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the First Amended Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## THE FIRST AMENDED COMPLAINT

Plaintiff makes the following allegations in his First Amended Complaint (Doc. 9): On May 2, 2023, he was taken to segregation and about $207.00 worth of his property items were "stolen," including clothing, food, personal hygiene items, and his albuterol rescue inhaler (Doc. 9, pp. 5-6, 19). Plaintiff was not given a confiscation record or any reason for the taking. His inmate trust fund account was altered to erase the commissary transactions for his purchase of the items. Plaintiff filed grievances over the incident, but they were never returned to him and his copies disappeared (Doc. 9, pp. 4-6). He filed an action in the Illinois Court of Claims that was dismissed because he failed to exhaust the grievance process.

Plaintiff elaborates on this incident in the Amended Updated Statement of Claim (Doc. 16): He was taken to the Health Care Unit on crisis watch on May 2, 2023 and then to segregation, where he remained until May 10, 2023. When he went through his personal property upon release from segregation, he discovered that his rescue inhaler (albuterol sulfate) was missing. Plaintiff sent in "countless" requests to the Health Care Unit for a replacement inhaler, but he did not receive one until two months later, on July 11, 2023. During that time, Plaintiff suffered respiratory problems because of the extreme summer heat and lack of ventilation. Plaintiff's fan was also

---

[1] The Court has jurisdiction to screen the First Amended Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the Illinois Department of Corrections.

missing and he had to buy one from another inmate.

Plaintiff seeks monetary damages and an order for the prison to stop interfering with his attempts to exhaust the grievance procedure (Doc. 9, p. 8).

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: Fourteenth Amendment due process claim against unknown Shawnee officials for confiscating/losing Plaintiff's property items in May 2023.
>
> Count 2: Eighth Amendment deliberate indifference to serious medical needs claim against unknown Shawnee Health Care Unit staff for failing to timely replace Plaintiff's asthma rescue inhaler, causing him to suffer respiratory distress between May 2, 2023 and July 11, 2023.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]

## DISCUSSION

### Count 1

Plaintiff cannot maintain a constitutional claim for the taking/loss of his personal property items. While the Fourteenth Amendment due process clause guarantees the right to be free from deprivations of property by state actors, to maintain such a claim Plaintiff must establish such a deprivation *without due process of law.* If the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); 705 ILL. COMP. STAT. 505/8. *See also Sorrentino v. Godinez*, 777 F.3d 410, 414-15 (7th Cir. 2015).

Plaintiff indicates that he attempted to avail himself of the Illinois Court of Claims procedure but was unable to obtain relief. That lack of success does not, however, open the door for Plaintiff to seek a remedy in federal court. The existence of the state procedure forecloses a Fourteenth Amendment claim, regardless of whether a plaintiff obtains compensation through the Illinois Court of Claims. For these reasons, Count 1 will be dismissed without prejudice.

Additionally, Plaintiff cannot sue prison officials over their failure to respond to his grievances. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

**Count 2**

Plaintiff may have a viable deliberate indifference claim against the health care providers or other officials who received his requests for a rescue inhaler but failed to provide him one. Prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* However, before Plaintiff can proceed on this claim, he must identify the prison officials to whom he submitted his requests and who then failed to take action.

4

The only Defendant Plaintiff names is "Shawnee Correctional Center," which is not an entity that can be sued under § 1983. The Illinois Department of Corrections ("IDOC"), as a state agency, is immune from suit for money damages. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). Likewise, the Shawnee Correctional Center, because it is a division of the IDOC, is not a "person" within the meaning of the Civil Rights Act and is not subject to a § 1983 suit. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Because Plaintiff has not named any responsible individuals as Defendants in this action, Count 2 will be dismissed without prejudice. Plaintiff will be given the opportunity to amend his complaint as to Count 2 only.

## PENDING MOTION

Plaintiff's Motion (Doc. 15) for a copy of the original Complaint is **DENIED**. Copies of court documents are available at a cost of $0.50 per page, which must be prepaid. *See* 28 U.S.C. Sec. 1914(b). The fee for one copy of the 9-page Complaint (Doc. 1) is $4.50. Upon receipt of this payment, the requested copies shall be mailed to Plaintiff.

## DISPOSITION

The First Amended Complaint (Doc. 9) and Amended Updated Statement of Claim (Doc. 16) are **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. Count 1 is **DISMISSED without prejudice** from this action; Plaintiff is free to pursue the property claim designated as Count 1 in state court if he meets the requirements to do so.

**IT IS FURTHER ORDERED** that, should Plaintiff wish to proceed with the claim in **Count 2**, he shall file his Second Amended Complaint within 28 days of the entry of this order (**on or before October 10, 2023**).

An amended complaint supersedes and replaces the original complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to Plaintiff's pleadings. The Second Amended Complaint must contain all the relevant allegations **in support of Count 2** and must stand on its own, without reference to any other pleading. Plaintiff **shall not include the dismissed Count 1** in his amended pleading. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. The Second Amended Complaint will be subject to review under 28 U.S.C. § 1915A.

Should Plaintiff file a Second Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. **He should label the form "Second Amended Complaint" and use the case number for this action (No. 23-cv-2168-RJD)**. Plaintiff should identify each defendant in the case caption and include sufficient factual allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."). As much as possible, Plaintiff should include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party. He must describe each Doe Defendant and their involvement in the alleged unconstitutional conduct (for example, John Doe did X and Jane Doe did Y). No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the Second Amended Complaint.

If Plaintiff fails to file an amended complaint within the allotted time or consistent with the

instructions set forth in this Order, the entire case will be dismissed without prejudice for failure to comply with a court order and/or failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff files a Second Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Plaintiff is further **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

To facilitate Plaintiff's compliance with this Order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

DATED: September 11, 2023

*s/ Reona J. Daly*
**REONA J. DALY**
**United States Magistrate Judge**