IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHEAL N.B. ATTAWAY, #Y55493, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>A. SHARP, )<br>ALEX, and )<br>DR. DAVID, )<br>)<br>Defendants. ) | Case No. 3:23-cv-02168-RJD |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Micheal N.B. Attaway, an inmate of the Illinois Department of Corrections, filed the instant lawsuit *pro se* pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Shawnee Correctional Center. The Court dismissed his First Amended Complaint pursuant to 28 U.S.C. § 1915A and directed him to file a Second Amended Complaint if he wished to pursue the claim designated as Count 2 (Doc. 18). That amended pleading, which alleges that Defendants failed to replace Plaintiff's asthma inhaler, is now before the Court for preliminary review under 28 U.S.C. § 1915A.[1] Section 1915A requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Second Amended Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

**THE SECOND AMENDED COMPLAINT**

Plaintiff makes the following allegations in his Second Amended Complaint (Doc. 22):

---

[1] The Court has jurisdiction to screen the Second Amended Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and Wexford Health Sources, Inc., to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and these two entities.

1

On May 2, 2023, Plaintiff was taken from his cell to crisis watch in the Health Care Unit, and then to segregation on May 5, 2023. He was released from segregation on May 10, 2023. During that time, his asthma inhaler (albuterol sulfate) was stolen.

Plaintiff submitted requests to the Health Care Unit seeking replacement of the inhaler. Those requests would have been received by Nurse Practitioners A. Sharp and Alex, and by Dr. David. However, they never responded, and Plaintiff went without the inhaler for some time.[2] The extreme summer heat exacerbated Plaintiff's breathing problems and on May 20, 2023, he lost consciousness several times. Plaintiff sought help from several cell house sergeants who called the Health Care Unit for him, but Defendants and the Health Care Unit responded that they would not help Plaintiff.

Based on the allegations in the Second Amended Complaint, the Court revises its designation of the following claim in this *pro se* action as follows:[3]

> Count 2:    Eighth Amendment deliberate indifference to serious medical needs claim against A. Sharp, Alex, and Dr. David, for failing to timely replace Plaintiff's asthma rescue inhaler, causing him to suffer respiratory distress between May 2, 2023 and July 11, 2023.

Any other claim that is mentioned in the Second Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[4]

---

[2] The Second Amended Complaint does not say when Plaintiff finally received a new inhaler; in an Amended Statement of Claim to the First Amended Complaint, he said that he got it on July 11, 2023 (Doc. 16, p. 1).
[3] Count 1 was dismissed upon review of the First Amended Complaint. The remaining claim will continue to be labeled "Count 2" for consistency.
[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

#### DISCUSSION

#### Count 2

Count 2 may proceed against Defendants Sharp, Alex, and David. Prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* Plaintiff's asthma and breathing difficulties constitute a serious condition, and Defendants' alleged failure to replace Plaintiff's rescue inhaler for an extended period of time, may amount to deliberate indifference.

#### DISPOSITION

The Second Amended Complaint states a colorable claim in Count 2 against A. Sharp, Alex, and Dr. David.

The Clerk shall prepare for A. Sharp, Alex, and Dr. David: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint (Doc. 22), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as

directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

DATED:  December 7, 2023

*s/ Reona J. Daly*  
**REONA J. DALY**  
**United States Magistrate Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.