IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHEAL N.B. ATTAWAY, )
Y55493 )
)
          Plaintiff, )  Case No. 23-cv-2168-RJD
)
vs. )
)
ALEX WELCH, ASHLEY SHARP, and )
ALFONSO DAVID, M.D., )

          Defendants.

## ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's various motions.  For the reasons set forth below, Plaintiff's Motion for Default Judgment (Doc. 45), Motion for Order (Doc. 52), and Motion for Exemption of PACER Fees (Doc. 58) are **DENIED**.  Plaintiff's Motions for Status (Docs. 47 & 48) and Motion for Leave to File Documents Electronically (Doc. 59) are **GRANTED.**

**Plaintiff's Motion for Default Judgment (Doc. 45)**

Plaintiff filed a motion for default judgment alleging Defendants failed to file a responsive pleading on or before February 8, 2024.  (Doc. 45).  The Defendants' answer to the Second Amended Complaint was originally due by February 5, 2024, and was thereafter extended per this Court's order through February 26, 2024.  (Doc. 35).  Defendants filed their answers to the Amended Complaint within the extended deadline.  (Docs. 40, 41, and 42).  Under the Federal Rules, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the

party's default." FED. R. CIV. P. 55(A).   "[T]he district court is justified in entering default against a party and refusing to vacate the default if the defaulting party has exhibited a willful refusal to litigate the case properly." *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003) (citing *Hal Commodity Cycles Mgmt. Co. v. Kirsh*, 825 F.2d 1136, 1138 (7th Cir. 1987)).   Here, while Defendants failed to file a responsive pleading within the original deadline, they answered the Second Amended Complaint within the Court's extended timeline and have since then actively litigated this case.   Defendants have not exhibited a willful refusal to litigate this case properly. Accordingly, entry of default is not appropriate, and Plaintiff's Motion for Default Judgment (Doc. 45) is **DENIED**.

**Plaintiff's Motions for Status (Docs. 47 & 48)**

Plaintiff filed two motions asking whether an initial Scheduling Order has been entered in this case.   (Docs. 47 & 48).   Plaintiff's Motions for Status (Docs. 47 & 48) are **GRANTED**. The Court entered its Initial Scheduling Order on February 20, 2024.   (Doc. 44).   The Clerk is **DIRECTED** to send Plaintiff a one-time courtesy copy of the Initial Scheduling Order.   Plaintiff is advised that future copies cost .50 cents per page.

**Plaintiff's Motion for Order (Doc. 52)**

Plaintiff filed a motion asking the Court to order Plaintiff's prior physician, Dr. Gary Tennison, to provide a statement attesting that Plaintiff's medical negligence claim against each defendant has merit.   Plaintiff purports to avoid a possible dismissal in light of Defendants' Affirmative Defense No. 7 asserting that Plaintiff failed to submit a physician statement in contravention to the relevant provisions of the Illinois Healing Art Malpractice Act, 735 ILCS 5/2-622.   The Act requires that plaintiffs bringing a claim for medical negligence/malpractice must file a "certificate of merit," which is a written report of a reviewing health professional that clearly

identifies the plaintiff "and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists." *Id*.

Plaintiff states in his motion that he was unable to file the certificate along with his original complaint because Dr. David ignored the Plaintiff's repeated requests to provide him with one. He, thus, asks the Court to order Plaintiff's prior physician, Dr. Gary Tennison, who had diagnosed Plaintiff with asthma, to provide him with the certificate.   The Court does not have that authority and is not inclined to do so.   In any case, Plaintiff is proceeding in this action in a single Eighth Amendment claim for deliberate indifference to serious medical need.   Given that there is no state claim for medical malpractice, the Illinois Healing Art Malpractice Act, 735 ILCS 5/2-622, is inapplicable in this case.   Therefore, Plaintiff's Motion for Order (Doc. 52) is **DENIED**.

**Motion for Exemption of PACER Fees (Doc. 58)**

Plaintiff filed a motion seeking an exception of PACER fees.   Plaintiff has not established that PACER fees should be waived, and exemptions from these fees are uncommon.   Standing alone, Plaintiff's in forma pauperis status is insufficient to support a request to waive PACER fees. If registered with the Court's CM/ECF system, parties and attorneys of record will receive one free electronic copy of documents filed with the court and will have access to additional copies for a modest fee.   If not registered, parties and attorneys of record will receive a copy of all orders and filed documents via mail.   As these procedures provide reasonable access, the plaintiff has not justified any waiver of PACER fees here.   Accordingly, Plaintiff's Motion for Exemption of PACER Fees (Doc. 58) is **DENIED**.

**Motion for Leave to File Documents Electronically (Doc. 59)**

Plaintiff filed a motion seeking access to the District Court's electronic case filing system. (Doc. 59).   Plaintiff is hereby GRANTED access to the District Court's electronic case filing

system in this case only.   SDIL-LR 5.1(b)(2).   To access the system, Plaintiff must first enroll to use CM/ECF in the Southern District of Illinois by obtaining a personal PACER account at:https://www.pacer.gov, as this District uses the NextGen version of CM/ECF.   Plaintiff must then complete the application for "Non-Attorney E-File Registration" located on the Maintenance tab within the personal PACER account.   Plaintiff is ADVISED that once he is registered for electronic filing, the Clerk's Office will no longer mail paper copies of documents that are filed. He is also WARNED that e-filing is a privilege that may be revoked if it is abused.   Reasons for revocation include, but are not limited to, the following: overly frequent or lengthy filings, repetitive or duplicative filings, unsolicited and unwarranted filings, or filings that are otherwise frivolous or abusive of the litigation process.   Plaintiff will be warned if his conduct might lead to revocation of this privilege, and if he is revoked in any single case, he may be revoked in all cases.

## <u>Conclusion</u>

For the reasons set forth below, Plaintiff's Motion for Default Judgment (Doc. 45), Motion for Order (Doc. 52), and Motion for Exemption of PACER Fees (Doc. 58) are **DENIED**. Plaintiff's Motions for Status (Docs. 47 & 48) and Motion for Leave to File Documents Electronically (Doc. 59) are **GRANTED.**


**IT IS SO ORDERED.**

**DATED: September 26, 2024**

s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**