IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHEAL N.B. ATTAWAY, Y55493 | ) ) ) |
| Plaintiff, | ) ) Case No. 23-cv-2168-RJD |
| vs. | ) ) ) |
| ALEX WELCH, ASHLEY SHARP, and ALFONSO DAVID, M.D., | ) ) ) |
| Defendants. | |

**ORDER**

**DALY, Magistrate Judge[1]:**

This matter comes before the Court for case management purposes. For the reasons set forth below, this case is dismissed with prejudice for failure to prosecute.

**Background**

Plaintiff Micheal N.B. Attaway, a former inmate of the Illinois Department of Corrections ("IDOC"), initiated this instant *pro se* lawsuit pursuant to 42 U.S.C. § 1983 on June 23, 2023, while still being in IDOC's custody. (Doc. 1).[2] Plaintiff alleged deprivations of his constitutional rights at Shawnee Correctional Center after several of his personal items, including his asthma inhaler, were stolen from his cell while he was placed in crisis watch and in segregation. (Doc. 1, pp. 6-7). Following the threshold review of Plaintiff's Second Amended Complaint, Plaintiff was allowed to proceed on the following count:

---

[1] This case has been assigned to the undersigned for final disposition upon the parties' full consent pursuant to 28 U.S.C. § 636(c). (Doc. 43)
[2] Accordingly, the IDOC website, Plaintiff was released on parole on June 4, 2024, several months after he initiated this action and filed his operative Second Amended Complaint. (*See* Individual in Custody Search (illinois.gov).

        Count 2:        Eighth Amendment deliberate indifference to serious medical needs claim against A. Sharp, Alex, and Dr. David, for failing to timely replace Plaintiff's asthma rescue inhaler, causing him to suffer respiratory distress between May 2, 2023 and July 11, 2023.

(Doc. 27).

Defendants filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies. (Doc. 49). Plaintiff filed a response arguing that the motion should be dismissed because he initiated this action thirty days after he properly sent a grievance to the ARB regarding his claim, to which the ARB never responded. (Doc. 53). Thereafter, Plaintiff filed a supplemental response (Doc. 60), and Defendants supplemented the record with Plaintiff's Grievance Log (Doc. 67) and Cumulative Counseling Summary (Doc. 68).

The Court set Defendant's motion for summary judgment for an evidentiary hearing via Zoom on October 22, 2024. In light of Plaintiff's release from the IDOC's custody, the Court further ordered Plaintiff to provide his email address by October 11, 2024, and to further advise the Court if he had Zoom access by that same deadline. (Doc. 62). Plaintiff failed to comply with the Order. Plaintiff also failed to appear in person for the evidentiary hearing on the motion for summary judgment despite being notified by mail. (Doc. 70). Thereafter, the Court entered an Order to Show Cause ordering Plaintiff to file a pleading with the Court by November 12, 2024, addressing why this case should not be dismissed with prejudice for his failure to prosecute. (Doc. 71). Plaintiff was warned that this case would be dismissed with prejudice if he failed to comply with the Court's Order to Show Cause. (*Id.*). Plaintiff failed to comply with the Court's Order to Show Cause.

## Analysis

"It is well-established that district courts possess inherent authority to dismiss a case *sua sponte* for a plaintiff's failure to prosecute." *GCIU Emp. Ret. Fund v. Chicago Trib. Co.*, 8 F.3d 1195, 1199 (7th Cir. 1993) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). In exercising that discretion, the district must "balance the competing interests of keeping a manageable docket against deciding cases on their merits." *Id.* (citing *Webber v. Eye Corp.,* 721 F.2d 1067, 1071 (7th Cir.1983)). Dismissal with prejudice is a drastic measure and should only be used in extreme cases such as "when there is a *clear record of delay* or contumacious conduct, or when other less drastic sanctions have proven unavailable." *Id.* (citing *Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.,* 869 F.2d 1058, 1061 (7th Cir.1989) (original emphasis). At the same time, neither the lack of warning of the potential dismissal to the plaintiff "nor the absence of prejudice to the defendant necessarily renders an involuntary dismissal void." *Id.* (citing *Link,* 370 U.S. at 632, 82 S.Ct. at 1389; *Daniels v. Brennan,* 887 F.2d 783, 788–89 (7th Cir.1989)). Factors indicating a plaintiff's lack of prosecutorial intent include "the withdrawal of an attorney, the failure to appear at a scheduled hearing, and a failure to appear on time." *Id.* (citing *Zaddack v. A.B. Dick Co.*, 773 F.2d 147, 150 (7th Cir.1985)).

In this instance, Plaintiff failed to comply with the Court's order directing him to provide his email address and advise of his Zoom accessibility by October 11, 2024. (Doc. 62). Plaintiff further failed to appear at the evidentiary hearing on the motion for summary judgment. (Doc. 70). Finally, Plaintiff failed to comply with the Court's order to show cause for his prior failures to prosecute this case. (Doc. 71). The Court finds that the conduct described above demonstrates a clear record of delay and contumacious conduct. While the Court notes there are lesser sanctions available, they would be unavailing as Plaintiff has clearly lost interest in litigating this

matter.

## Conclusion

For the reasons set forth above, this matter is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly. All pending motions are **TERMINATED** as moot. All pending deadlines and hearings are **VACATED**.

**IT IS SO ORDERED.**

**DATED: November 14, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**