IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHEAL N.B. ATTAWAY, Y55493, | ) <br> ) <br> ) |
| Plaintiff, | )    Case No. 23-cv-2168-RJD |
| vs. | ) <br> ) <br> ) |
| ALEX WELCH, ASHLEY SHARP, and ALFONSO DAVID, M.D., | ) <br> ) |
| Defendants. | |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**[1]

This matter comes before the Court on Plaintiff's Motion to Change Venue (Doc. 76), Motion to Vacate Order and Reopen Case (Doc. 77), Motion to Strike Response to Motion (Doc. 80), and Consolidated Motion to Strike Defendants' Filings, Enter Default Judgment, Grant Summary Judgment, and Impose Sanctions for Gross Disrespect, Fraudulent Filings, and Procedural Violations (Doc. 81). For the reasons set forth below, all motions are **DENIED**, and this case shall remain dismissed with prejudice.

## Background

This case was dismissed with prejudice for want of prosecution on November 14, 2024, after the plaintiff failed to respond to a Court Order to Show Cause. (Docs. 71, 74 & 75). The Court explained that dismissal with prejudice under Federal Rule of Civil Procedure 41(b) was warranted because Plaintiff had failed to comply with the Court's orders twice and had further

---

[1] This case has been assigned to the undersigned for final disposition upon the parties' full consent pursuant to 28 U.S.C. § 636(c). (Doc. 43)

failed to appear at an evidentiary hearing on the motion for summary judgment. (Doc. 74). Specifically, on September 30, 2024, the Court set this matter for an evidentiary hearing via Zoom for October 22, 2024, regarding Defendant's motion for summary judgment on the issue of exhaustion of administrative remedies. (Doc. 62). Because Plaintiff had since been released from the IDOC's custody, the Court further ordered Plaintiff to provide his email address by October 11, 2024, and to further advise the Court if he had Zoom access by that same deadline. (*Id.*). The Court sent Plaintiff a copy of the Order via mail to his address of record, which was not returned undelivered. Plaintiff failed to comply with that Order and failed to appear at the evidentiary hearing. (Doc. 70). Following Plaintiff's failure to appear at the hearing, the Court entered an Order to Show Cause ordering Plaintiff to file a pleading by November 12, 2024, addressing why this case should not be dismissed with prejudice for his failure to prosecute. (Doc. 71). Plaintiff was warned that this case would be dismissed with prejudice if he failed to comply with the Court's Order to Show Cause. (*Id.*). Plaintiff failed to respond by the set deadline, and on November 14, 2024, the Court dismissed this case with prejudice. (Doc. 74). Judgment was entered on the same date. (Doc. 75).

## Discussion

Plaintiff now argues that the judgment dismissing this case should be vacated because financial hardship and lack of necessary resources following his release from custody prevented him from participating in litigation. (Doc. 77). He further argues that he never received notice of the order setting an evidentiary hearing on the Defendants' motion for summary judgment and directing him to provide the Court with his email address. (*Id.*). Plaintiff asks the Court to reopen the case and reinstate his claims after finding that his delay in moving this matter forward constitutes excusable neglect. (*Id.*). Defendants responded in opposition to the motion, to which

Plaintiff replied. (Docs. 78 & 79).

While Plaintiff does not identify the legal basis under which he seeks to vacate the dismissal and judgment in this case, based on the allegations in his motions, the only available grounds are Federal Rule of Civil Procedure 59(e) or 60(b). *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Under Rule 59(e), a court can amend or alter a judgment in "exceptional cases" only if there is a manifest error of law or fact or if it presents newly discovered evidence that was not previously available. *Willis v. Dart*, 671 Fed. App'x 376, 377 (7th Cir. 2016) (quoting *Gonzalez–Koeneke v. W.*, 791 F.3d 801, 807 (7th Cir. 2015); *Heyde v. Pittenger*, 633 F.3d 512, 521 (7th Cir. 2011)). However, a challenge under Rule 59(e) motion must be filed within 28 days of the order being challenged. Federal Rule of Civil Procedure 60(b), on the other hand, allows for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).[2] Relief under Rule 60(b) is an "extraordinary remedy" that should be granted only in "exceptional circumstances." *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009), *cert. denied*, 558 U.S. 1147 (2010).

Here, Plaintiff cannot seek relief under Rule 59(e) because his motion to vacate was filed more than 28 days from the entry of judgment. (Docs. 74, 75, & 76). The Court also finds that Plaintiff is not entitled to relief under Rule 60(b).

First, Plaintiff claims that he never received notice of the evidentiary hearing. However, Plaintiff has not provided any evidentiary support for his claim. Contrary to Plaintiff's contention, the record shows that the Order setting the evidentiary hearing and asking Plaintiff to contact the Court was mailed to Plaintiff's address of record on October 1, 2024, and was not returned

---

[2] Rule 60(b) also provides for relief from judgment on other grounds, including mistake, inadvertence, or fraud, none of which is relevant to Plaintiff's allegations in his motion. Fed. R. Civ. P. 60(b)

undelivered.

Plaintiff further asserts that he was unable to timely contact the Court and diligently prosecute this case because, following his release from prison, he had limited resources and lacked stable housing. Yet, Plaintiff failed to inform the Court of these issues until nearly four months after the entry of judgment dismissing this case. Even assuming Plaintiff did not have the resources to file a single-page document in response to the Order to Show Cause, he could have contacted the Court via email at the address provided to him (Doc. 62) or by phone, as he has previously done. Further, despite his claims of extreme financial hardship, Plaintiff appears to have had sufficient resources to initiate at least five other lawsuits in this District after his release from custody, including Case Nos. 24-1561-SPM, 24-1562-SMY, 24-1563-GCS, 24-1564-MAB, and 24-1565-SPM. *See Attaway v. Talamantes*, No. 23-CV-02771-JPG, 2025 WL 2840494, at *3 (S.D. Ill. Oct. 7, 2025). Accordingly, the Court is not convinced that Plaintiff's alleged extreme financial hardship prevented him from timely prosecuting this action.

The Court finds that Plaintiff has not established that he is entitled to relief from judgment under either Rule 59(e) or Rule 60(b). *See Henthorn v. Fish*, 2024 WL 1702894, at *2 (S.D. Ind. Apr. 18, 2024) (Rule 60(b) offers no relief to inmate who lacked diligence in litigating claims) (citing *McLaughlin v. Jung*, 959 F.2d 1310, 1312 (7th Cir. 1988)) (inmate's own carelessness or lack of diligence does not provide a basis for relief under Rule 60(b)). Therefore, his Motion to Vacate (Doc. 77) is **DENIED**. Because there is no ground for reopening this case, Plaintiff's Motion to Change Venue (Doc. 76), Motion to Strike Response to Motion (Doc. 80), and Consolidated Motion to Strike Defendants' Filings, Enter Default Judgment, Grant Summary Judgment, and Impose Sanctions for Gross Disrespect, Fraudulent Filings, and Procedural Violations (Doc. 81) are **DENIED** as moot.

## Conclusion

Plaintiff's Motion to Change Venue (Doc. 76), Motion to Vacate (Doc. 77), Motion to Strike (Doc. 80), Motion to Strike Response to Motion (Doc. 80), and Consolidated Motion to Strike Defendants' Filings, Enter Default Judgment, Grant Summary Judgment, and Impose Sanctions for Gross Disrespect, Fraudulent Filings, and Procedural Violations (Doc. 81) are **DENIED.** This case shall remain dismissed with prejudice and is **CLOSED**.

**IT IS SO ORDERED.**

**DATED: January 26, 2026**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**